IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Timothy O. Head, ) | |
| ) | C/A No.: 0:05-3200-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Sumter Correctional Center, Director ) | |
| Simon Major, and Sumter County, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Timothy O. Head is an inmate in the custody of the Idaho Department of Correction. He is currently incarcerated at the Idaho State Correctional Institution in Boise due to parole violations committed in Sumter County, South Carolina. Appearing pro se, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while he was incarcerated at Sumter Correctional Center in Sumter, South Carolina prior to his transfer to Idaho. Specifically, Plaintiff states that, from October 2003 to October 2005, he was subjected to medical indifference, denied proper nutrition, assaulted by other prisoners, unjustifiably sent to solitary confinement, and deprived of privileges.

This matter is before the court on Plaintiff's motion for summary judgment filed April 7, 2006. Motion for Summary Judgment (Entry 24). Plaintiff argues that he is entitled to summary judgment because he is unable to conduct discovery from the Idaho facility due to its distance from South Carolina and his status as an indigent prisoner.[1] In the alternative, Plaintiff asks the court to

---

[1] Plaintiff makes other allegations that are not within the purview of his § 1983 complaint. Plaintiff's claims against James Turner are currently being adjudicated in a separate action. Head v. Sumter Police Dep't, Case No. 0:05-2925. Additionally, his assertions that he is being unlawfully confined for multiple crimes he did not commit and that his plea of guilty to parole violations was

reconsider several earlier rulings. Defendants filed a response to Plaintiff's motion on April 25, 2006, arguing that it should be denied because Plaintiff had not submitted sufficient evidence to justify judgment on the pleadings. Defendants' Reply to Plaintiff's Motion for Summary Judgment and Reconsideration of Appointment of Counsel (Entry 27).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On May 19, 2006, the Magistrate Judge filed a Report and Recommendation in which he recommended that Plaintiff's motion for summary judgment be denied. Report and Recommendation, 2 (Entry 30). Plaintiff filed objections to the Report on June 2, 2006. Objections to Report and Recommendation (Entry 34).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

**DISCUSSION**

The court has reviewed Plaintiff's objections to the Magistrate Judge's Report. Plaintiff does not raise any objection to the Magistrate Judge's findings; rather, he simply states that he needs additional time to conduct discovery because of his physical disability, indigent status, and place of incarceration. Objections, 1. Even if the court construed these statements as objections to the

---

coerced are more properly cognizable under 28 U.S.C. § 2254.

Report, at most, they would constitute the type of general and conclusory objections that do not warrant the court's response. See Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982) (when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations, the court need not conduct a de novo review).

The Magistrate Judge recommended that Plaintiff's motion for summary judgment be dismissed because Plaintiff has presented no evidence in this case and cannot obtain summary judgment based solely on the general and conclusory arguments presented in his motion. After thoroughly reviewing the Report and Recommendation in its entirety and the applicable case law, the court finds no error in the Report and Recommendation. As such, the court adopts and incorporates herein by reference the Report and Recommendation. Plaintiff's motion for summary judgment is **denied**. The case is recommitted to the Magistrate Judge for further pretrial handling.

 **IT IS SO ORDERED**.

            /s/ Margaret B. Seymour
            Margaret B. Seymour
            United States District Judge

February 6, 2007

Columbia, South Carolina